UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJ PATEL,<br><br>                              Plaintiff,<br><br>-against-<br><br>THE UNITED STATES; THE HONORABLE THE EXCELLENT JOE BIDEN, IN ALL CAPACITIES; AND THE HONORABLE EXCELLENT DONALD J. TRUMP, IN ALL CAPACITIES,<br><br>                              Defendants. | 21-CV-6553 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated September 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Raj Patel, a resident of Indiana, filed this action against the United States, President Joe Biden, and former President Donald J. Trump. The complaint is not a model of clarity and has no apparent connection to New York or the Southern District of New York. He asserts that he has been subjected to "battery/assault through a bio-stress weapon" in violation of the "privileges and/or immunities [he] hold[s] pursuant to the United States Constitution[.]" (ECF 2 at 1.) Plaintiff alleges that "[c]entral to his complaint. . . is the [t]aking of [his] intellectual property, [his] word patterns, through means and methods of advance weaponry." (*Id.* at 2.) He further alleges:

> Beyond these aforementioned statutory and constitutional matters, my First Amendment right to Free Exercise of Religion, Academic Freedom, prohibition of Establishment of Religion, Fourth Amendment unlawful search and seizure, 13th Amendment, 5th and/or 14th Amendment Due Process (especially, not Fair-Play), the Guarantee Clause, federally-prohibited "pains" were violated, breach of contract, defamation, theft of intellectual word property (my verbatim word patterns), and civil-Racketeer Influenced and Corrupt Organizations ("R.I.C.O.") Act (with possible multiple predicate crimes) violations, tortious interference in a business transaction, and honest services duties, and functional removal the constitutional *ipso facto* office of a qualified, selectable candidate for the United States Presidency. 18 U.S.C. §§ 1931-34 and 1951, and 1961 *et seq*. and 42 U.S.C. § 1983.

(ECF 2 at 2.)

Plaintiff also claims that his privacy is being violated and that his words are being used by others – including professors at the University of Notre Dame, former President Trump and his children, and other officials in the federal government – without just compensation. He asserts that his "word patterns were used to batter/whip [him] via the soundwaves as part" of an "enterprise or scheme" across several states and internationally. (*Id*. at 13-14.) Plaintiff further asserts that in 2018 and 2019, he requested that President Trump and officials in the White House order the "restoration of [his] rights and to be free from this privacy breach and enterprise and to ensure that private enforcement companies, working for political or personal rival, were not harassing him." (*Id*. at 13.)

Plaintiff brings this action seeking various forms of injunctive relief, including an order requiring his readmission into Notre Dame Law School for him to complete his degree. He also seeks money damages.

Plaintiff has also submitted to the Court multiple purported amended complaints in which he seeks to provide additional information instead of replacing the original complaint. Two days after filing the complaint, Plaintiff submitted to the Court a motion to amend his complaint to add certain legal theories and allegations concerning a 2009 attack "with a bio-tech weapon, to deter [his] academic performance" in high school. (ECF 5 at 2.) Plaintiff also makes references in the motion to Emory University and the taking of his words by former Presidents Barack Obama and Trump. Plaintiff then filed a second amended which focused on professional basketball player Gordon Hayward, who allegedly was Plaintiff's schoolmate in high school, and various matters involving members of Plaintiff's family. (*See* ECF 11.) Plaintiff also filed a third amended complaint in which he asserts that Gordon Hayward was using a "bio-tech stress weapon, with verbatim word patterns, during the same year [Plaintiff's] explicit contract with the

3

White House was made." (ECF 12 at 1.) On September 16, 2021, Plaintiff submitted his fourth effort at an amended complaint, seeking to add a claim that the University of Notre Dame unlawfully discriminated against him by not readmitting him because of an "expunged case." (ECF 14 at 3.) He also submitted a "motion for joinder" to add the University of Notre Dame as a defendant to this action. (ECF 15.) Along with the four amended complaints, Plaintiff has also filed a purported order granting his petition for a writ of mandamus and directing President Biden to restore all of Plaintiff's rights and privileges. (*See* ECF 9.)

## DISCUSSION

### A.   Complaint is frivolous

Plaintiff's complaint, when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that he has a plausible legal claim. Although Plaintiff cites to the Constitution, numerous statutes, and other grounds for relief, the Court cannot identify any legal basis for Plaintiff's claims for injunctive relief and damages against the United States, President Biden, or former President Trump. Plaintiff's factual allegations are largely incoherent, irrational, or wholly incredible. *See Denton*, 504 U.S. at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact.[1] *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[1] Under Fed. R. Civ. P. 15(a)(1), Plaintiff had the right to amend his complaint *once* as a matter of course. Plaintiff submitted a motion to the Court to amend the complaint, but not an amended complaint. He followed that up by filing a second and third purported amended complaints. Although some of the submissions are not properly before the Court, in light of Plaintiff's *pro se* status, the Court considers all of his filings together in dismissing this action.

Plaintiff has attempted to amend the complaint with filings that contain additional frivolous claims and legal theories. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Plaintiff is warned about the filing of vexatious or frivolous litigation**

Plaintiff has filed multiple similar lawsuits in federal courts around the country, all of which have been dismissed for failure to state a claim and as frivolous.[2] *See, e.g., Patel v. United States*, No. 2:21-CV-4160-NKL (W.D. Mo. Sept. 13, 2021); *Patel v. United States*, No. 21-CV-2263-UNA (D. D.C. Sept. 8, 2021); *Patel v. United States*, No. 21-CV-22729-BB (S.D. Fl. Aug. 12, 2021); *Patel v. Biden*, No. 2:21-CV-1345-APG-EJY (Aug. 9, 2021); *Patel v. Biden*, No. 21-CV-1076-TSC (D. D.C. July 4, 2021) *Patel v. Martinez*, No. 3:21-CV-0241-RLM-JPK (N.D. Ind. Apr. 8, 2021); *Patel v. Patel*, No. 20-CV-1772-TWP-MPB (S.D. Ind. Sept. 1, 2020); *Patel v. Trump*, No. 20-CV-0758-RLY-MJD (S.D. Ind. Apr. 14, 2020); *Patel v. Trump*, Case No. 20-CV-0454- SEB-DML (S.D. Ind. Feb. 19, 2020); *Patel v. FBI*, No. 18-CV-3441-RLY-DML (S.D. Ind. Nov. 13, 2018); *Patel v. FBI*, No. 18-CV-3442-WTL-DML (S.D. Ind. Nov. 13, 2018); *Patel v. FBI*, No. 18-CV-3443-TWP-MJD (S.D. Ind. Nov. 13, 2018); *see also Patel v. Patel*, 834 F. App'x 244 (7th Cir. Jan. 21, 2021) (Mem) (upholding dismissal for failure to state a claim and warning Plaintiff against filing frivolous appeals).

---

[2] Plaintiff also has at least five other similar actions pending in federal courts. *See Patel v. United States*, No. 3:21-CV-0628-RLM-JPK (N.D. Ind. filed Aug. 24, 2021); *Patel v. United States*, No. 2:21-CV-16029-SDW-CLW (D. N.J. filed Aug. 21, 2021); *Patel v. United States*, No. 21-CV-3376-MLB (N.D. Ga. filed Aug. 18, 2021) *Patel v. United States*, No. 21-CV-3335-MLB (N.D. Ga. filed Aug. 16, 2021); *Patel v. United States*, No. 21-CV-2250-RLV-MG (S.D. Ind. filed Aug. 14, 2021).

While this appears to be Plaintiff's first filing in the Southern District of New York, he is warned that the further filing of vexatious or frivolous litigation in which he fails to allege facts showing that he is entitled to relief may result in an order under 28 U.S.C. § 1651(a), barring him from filing new actions without prior permission in this Court. This warning is necessary, in light of Plaintiff's numerous filings, to conserve this Court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is also warned that further vexatious or frivolous litigation in this Court may result in an order barring him from filing any new actions without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service. (ECF 4.)

SO ORDERED.

Dated:   September 20, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge